ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| EL PUEBLO DE PUERTO RICO, Recurrida, v. SAMUEL LEBRÓN CLAUDIO, Peticionaria. | TA2026CE00543 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao. Criminal núm.: HSCR202500258, HSCR202500259, HSCR202500260, HSCR202500261. Sobre: Art. 53, Ley 57-2023; Art. 133 CP (3 cargos). |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de mayo de 2026.

Mientras se dilucidaba el juicio por jurado en curso, el peticionario, señor Samuel Lebrón Claudio (señor Lebrón), solicitó del foro primario que, conforme a la Regla 109 de las de Evidencia, 32 LPRA Ap. VI, atendiera ciertas controversias relacionadas con la admisibilidad de varios asuntos y documentos. Con ese fin, el Tribunal de Primera Instancia celebró las vistas correspondientes el 28 de enero, 26 de febrero y 25 de marzo de 2026. Concluidas estas, el 31 de marzo de 2026, el tribunal emitió una detallada *Resolución* mediante la cual declaró la admisibilidad de ciertos documentos y la inadmisibilidad de otros.

En lo que respecta a este recurso, presentado el 1 de mayo de 2026[1], el señor Lebrón solicitó que revoquemos aquella porción de la referida resolución que atañe al Exhibit 1A del Ministerio Público, *Informe Pericial Forense* (Informe)[2], confeccionado por la trabajadora social forense, señora Wanda Rolón Rodríguez, quien fuera debidamente

---

[1] Añadimos que, el 5 de mayo de 2026, el señor Lebrón presentó una solicitud de paralización de los procedimientos ante el foro primario, pues el juicio por jurado continuará el **11 de mayo de 2026**. A la luz de lo que hoy disponemos, declaramos **sin lugar** la solicitud de paralización.

[2] *Véase*, anejo del recurso, identificado como el número XXXIII.

cualificada como perita. Conforme surge de la resolución, el Informe constituye el resultado de una evaluación profesional realizada a la víctima. El foro primario decretó que admitiría en evidencia el Informe. No obstante, con el fin de evitar que el jurado le confiriese un peso indebido a cierta parte del contenido del Informe, dispuso para que el jurado, al momento de sus deliberaciones, no tuviera acceso a las páginas 4-6 del Informe[3].

En su recurso, el señor Lebrón nos solicita que revoquemos parcialmente la resolución y dispongamos para la eliminación de aquella parte del Informe que contiene las recomendaciones de la perita; i.e., páginas 7-8. En síntesis, aduce que tales recomendaciones podrían tener un efecto adverso en el ánimo del jurado, una vez este se retire a deliberar.

Evaluada la petición de *certiorari*, así como la detallada y bien fundamentada *Resolución* del foro primario, y prescindiendo de la comparecencia de la parte recurrida[4], este Tribunal concluye que el peticionario no pudo establecer que dicho foro hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal hubiera abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones resolvemos **denegar la expedición** del auto de *certiorari*.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] En estas páginas del Informe, la trabajadora social transcribió textualmente parte de una entrevista realizada a la víctima.

[4] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 215 DPR ___ (2025).